Hamutal G. Lieberman, Esq. (HG9798)
Helbraun & Levey LLP
40 Fulton Street, 28 Fl.
New York, New York 10038
*Attorney for Plaintiff*
*Renwick Hospitality Group, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RENWICK HOSPITALITY GROUP LLC,<br><br>Plaintiff,<br><br>v.<br><br>LULLA'S NYC LLC,<br><br>Defendant. | Civil Action No.: 25-cv-3049<br><br>**COMPLAINT**<br><br>**DEAMND FOR JURY TRIAL** |

Plaintiff Renwick Hospitality Group LLC ("Renwick" or "Plaintiff") by its attorneys, Helbraun & Levey, LLP, for its Complaint against Defendant LULLA'S NYC LLC ("Defendant"), alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unfair competition under the Lanham Act (15 U.S.C. §1125(a)), common law trademark infringement, common law unfair competition, deceptive practices under N.Y. Gen. Bus. Law § 349, and unjust enrichment. Plaintiff also seeks a permanent injunction.

2. By this action, Plaintiff seeks to prevent Defendant from, among other things, infringing on its common law trademark rights in its trademark LULLA in the geographic area comprising of New York, and specifically, New York City. Plaintiff is also expecting that its registration certificate for its LULLA trademark will be issued by the USPTO within the next month.

1

3. Plaintiff has been providing restaurant and bar services in connection with its LULLA trademark since August 10, 2023, at the premises located at 113 West 24th Street, New York, NY. However, despite Defendant's principals' knowledge of Plaintiff's trademark rights in the word LULLA, on or about January 28, 2025, Defendant began operating under the nearly identical name LULLA'S in commerce at its premises located at 169 Graham Ave., Brooklyn, NY.

4. Rather than develop a new trademark for its restaurant, Defendant nevertheless decided to infringe on Plaintiff's trademark rights seeking to bully Plaintiff into conceding its common law trademark rights in the name LULLA in connection with restaurant and bar services.

5. Because Defendant's use of the mark LULLA'S is likely to cause consumer confusion and to deceive purchasers—leading them to believe that Defendant's services originate from or are somehow affiliated with Plaintiff—this unlawful conduct must be stopped.

6. For these reasons, Plaintiff seeks, among other damages, a permanent injunction stopping Defendant from using the name LULLA'S in commerce in the State of New York in connection with its restaurant services.

## PARTIES

7. Plaintiff is an entity organized under the laws of the State of New York, having a principal place of business located at 2 Renwick Street, New York, NY, 10013. Plaintiff operates the restaurant and bar in connection with the trademark LULLA located at the premises located at 113 West 24th Street, New York, NY 10011.

8. Upon information and belief, Defendant Lulla's is an entity organized under the laws of the State of New York having a principal place of business located at 148 Meserole St., Brooklyn, 11206, as well as owns and operates a restaurant under the infringing trademark LULLA'S at the premises located at 169 Graham Ave., Brooklyn, NY 11206.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. §§ 1338(a), as the action arises under the Lanham Act, 15 U.S.C. § 1125(a), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

10. The venue for this action is properly founded in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred therein because Plaintiff conducts its business in the Southern District of New York.

11. Defendant is subject to the personal jurisdiction of this Court because it has offices in the State of New York, and conducts business in this State.

**FACTS PERTAINING TO ALL CLAIMS**

*Plaintiff's Ownership of the LULLA Trademark*

12. On August 10, 2023, Plaintiff opened a restaurant and bar utilizing the trademark LULLA located at 113 West 24th Street, New York, NY 10011. Plaintiff has continuously used the LULLA trademark in connection with restaurant and bar services since that date.

13. Plaintiff has made substantial investment in advertising and promoting its services under its LULLA trademark since its initial use. Plaintiff has extensively used, advertised, promoted and offered its services utilizing its LULLA trademark to the public through various channels of trade in commerce and has been featured in several publications advertising and promoting its services including but not limited to: HOSPITALITY DESIGN, EATER, GOTHAM MAGAZINE, THE INFATUATION, NEW YORK CITY TOURISM + CONVENTIONS and THE KNOCKTURNAL. Plaintiff also utilizes its website, Lullanyc.com, and its Instagram account, @Lullanyc, to promote its LULLA trademark and its associated services.

14. As a result of such advertising, promotion and sales, Plaintiff's trademark LULLA has become distinctive to its customers and to members of the public well prior to the Defendant's intended or actual use of the infringing trademark LULLA'S.

15. To further protect its substantial rights in its restaurant's name and brand, Plaintiff filed an application to register the trademark LULLA (Serial No. 98110275) in connection with Class 43 for restaurant and bar services with the United States Patent and Trademark Office ("USPTO"). The application has been approved by the USPTO and is expected to register within the next month.

*Defendant Willfully Infringes (and Continues to Infringe) Upon Plaintiff's Trademark Rights*

16. Notwithstanding Plaintiff's rights in and to its LULLA trademark, on or about January 28, 2025, almost a year and a half after Plaintiff was already utilizing its LULLA trademark, Defendant began operating a restaurant under the infringing trademark LULLA'S in commerce at the premises located at 169 Graham Ave., Brooklyn, NY 11206.

17. However, one week prior to its opening, on January 22, 2025, Plaintiff's principals learned of Defendant's intended restaurant opening and sent Defendant a cease and desist letter notifying Defendant of its preexisting trademark rights in the trademark LULLA and demanding that Defendant cease all intended use under the infringing trademark LULLA'S.

18. Nevertheless, despite knowing about Plaintiff's pre-existing trademark rights, Defendant opened its restaurant on January 28, 2025, utilizing the word LULLA'S and willfully infringing on Plaintiff's trademark rights.

19. Defendant's principal, Ivo Diaz, responded to the cease and desist letter summarily claiming that his restaurant LULLA'S did not infringe upon Plaintiff's trademark rights in LULLA.

20. On or about March 10, 2025, Plaintiff sent Defendant a second cease and desist letter once again demanding that it cease operating under the confusingly similar name LULLA'S. However, Plaintiff's demands were ignored and continue to be ignored to date clearly indicating Defendant's willful trademark infringement.

*There is No Question that the Trademarks are Confusingly Similar*

21. Defendant's LULLA'S trademark resembles Plaintiff's LULLA trademark in both appearance and sound. The standard characters LULLA are the focus of both marks, they are spelled the same and sound the same. The additional letter "S" in Defendant's trademark is *de minimis* and makes no difference regarding the commercial impression of the two trademarks.

22. Moreover, much of Defendant's advertising and branding closely resembles that of Plaintiff's. For example, Defendant's website and packaging utilizes an identical green color and a nearly identical pink branding color scheme as that of Plaintiff's branding color scheme. Defendant even included the address ribbon at the top of its website like Plaintiff's.



www.lullanyc.com; (last accessed on 04/10/2025)


www.lullasnyc.com; (last accessed on 04/10/2025)


https://www.lullanyc.com/menus/ (last accessed on 04/10/2025)


https://www.lullasnyc.com/menus/ (las accessed on 04/10/2025)

6

23.   Defendant has also been offering and promoting its services through the same channels of trade as Plaintiff, including the internet and social media. In fact, even Defendant's website (www.lullasnyc.com) is identical to Plaintiff's website (www.lullanyc.com) which merely adds an "s" in the middle of the LULLANYC domain making the difference almost undetectable to the consumer that is none-the-wiser about both restaurants. Further, Defendant recently changed its Instagram account to @lullabrooklyn from @lullasnyc which only makes its account more confusingly similar to Plaintiff's Instagram account (@lullanyc) because now there is not even an extra letter "s" to differentiate the brands and a consumer could easily confuse the restaurants or believe that Defendant's restaurant is a second location of or associated to Plaintiff's restaurant.

24.   Further, Defendant's services are identical to those of Plaintiff's as both serve food and drinks falling under International Class 43 for restaurant services. Like Plaintiff's menu, Defendant's menu is robust and has plenty of variety beyond merely bakery items.

25.   Finally, both restaurants are located in the same geographic location, New York City.

26.   Evaluating both marks wholistically, there can be no mistake that the commercial impressions od LULLA and LULLA'S are identical and that Defendant is flagrantly and willfully infringing on Plaintiff's trademark rights.

27.   As such, should Defendant be allowed to continue to use the trademark LULLA in the geographic location of New York and specifically New York City, it is likely that Plaintiff's customers and members of the public will be confused, mistaken or deceived as to the origin and sponsorship of Defendant's services and mislead to believe that such services emanate from, are directly or indirectly sponsored, licensed or associated with Plaintiff's business and brand identity

LULLA to the damage and detriment of Plaintiff and its reputation. Accordingly, Defendant's actions necessitated this lawsuit.

## COUNT I
### (Unfair Competition, 15 U.S.C. § 1125(a))

28. Plaintiff repeats and realleges the allegations in paragraphs 1 through 27 as if set forth at length herein.

29. Plaintiff has neither approved of nor ever endorsed Defendant's use of the infringing trademark LULLA'S in conjunction with any services in commerce and specifically in commerce in the State of New York in connection with restaurant services.

30. The infringing trademark LULLA'S is identical to the LULLA trademark owned by Plaintiff, which predates Defendant's infringing LULLA'S trademark by almost a year and a half.

31. Defendant is currently using the infringing trademark LULLA'S, which is confusingly similar to Plaintiff's LULLA trademark, in a manner that is likely to cause consumers to be confused, mistaken, or deceived about the origin of Defendant's services, and the affiliation, connection, or association between Plaintiff and Defendant's services.

32. Defendant has intentionally and willfully used the infringing trademark LULLA'S in connection with the advertisement, promotion, sale, offering for sale, and distribution of its services, knowing that it did not have Plaintiff's permission or consent to do so.

33. Defendant's unauthorized use of the infringing trademark LULLA'S in connection with the advertisement, promotion, sale, offering for sale, and distribution of services bearing the LULLA'S trademark constitutes Defendant's use of the infringing trademark LULLA'S in commerce.

8

34. Defendant is unlawfully benefiting and profiting from the use of the infringing LULLA'S trademark by falsely creating the misperception and belief among consumers that Defendant's services originate from, are affiliated, connected, or associated with, and/or are endorsed, sponsored, or approved by Plaintiff.

35. Defendant has misappropriated the goodwill from Plaintiff's LULLA trademark and misdirected that goodwill to Defendant's services that bear the infringing LULLA'S trademark.

36. Defendant's acts constitute a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

37. As a direct and proximate result of the foregoing wrongful actions by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

38. Defendant has made, and will likely continue to make, substantial profits and gains from its unlawful use of the infringing LULLA'S trademark, which it is not entitled to receive, whether in law or in equity.

39. Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing LULLA'S trademark in commerce.

40. Plaintiff demands an injunction against Defendant to enjoin and restrain it from any further use of the infringing LULLA trademark in commerce.

41. Plaintiff also demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing LULLA trademark.

## COUNT II
### (Common Law Trademark Infringement, N.Y. Gen. Bus. Law § 360-o)

42. Plaintiff repeats and realleges the allegations in paragraphs 1 through 41 as if set forth at length herein.

43. Plaintiff has a valid and legally protectable trademark in LULLA.

44. On August 10, 2023, Plaintiff opened a restaurant and bar utilizing the trademark LULLA located at 113 West 24th St., New York, NY 10011. Plaintiff has continuously used the trademark LULLA in connection with restaurant and bar services since that date.

45. Notwithstanding Plaintiff's rights in and to its trademark LULLA, and without authorization from Plaintiff, on January 28, 2025, almost a year and half after Plaintiff was already utilizing its LULLA trademark, Defendant began operating a restaurant using the confusingly similar trademark LULLA in commerce in connection with restaurant services at the premises located at 169 Graham Ave., Brooklyn, NY 11206.

46. Defendant willfully continued to utilize the infringing trademark LULLA'S after Plaintiff sent its principal not one, but two cease and desist letters, receipt of which were acknowledged by Defendant's principal, Ivo Diaz.

47. Defendant's use of the trademark LULLA'S is likely to cause consumer confusion as to the origin and/or sponsorship of Defendant's services causing consumers to believe that Defendant's services originate and/or are sponsored by or otherwise affiliated with Plaintiff.

48. Defendant's wrongful and willful acts have caused, and likely will continue to cause, confusion with Plaintiff's LULLA trademark, and thereby constitute trademark infringement in violation of Plaintiff's common law trademark rights.

49. As the direct and proximate result of the foregoing wrongful and willful acts by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

50. Defendant has made, and will likely continue to make, substantial profits and gains from its unlawful use of the infringing LULLA'S trademark, which it is not entitled to receive, whether in law or in equity.

51. Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing LULLA'S trademark in commerce in connection with restaurant services.

52. Accordingly, Plaintiff demands a permanent injunction against Defendant to enjoin and restrain it from any further use of the infringing trademark LULLA'S in commerce in connection with restaurant services.

53. Plaintiff also demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing trademark LULLA'S.

## COUNT III
### (Common Law Unfair Competition)

54. Plaintiff repeats and realleges the allegations in paragraphs 1 through 53 as if set forth at length herein.

55. Defendant has violated Plaintiff's common law rights in the LULLA trademark and engaged in unfair competition by adopting the LULLA'S trademark willfully and in bad faith, which mark is identical and confusingly similar to the LULLA trademark, and by trading off of Plaintiff's reputation and goodwill, competing unfairly with it, and by creating a false association between Plaintiff and Defendant.

56.     Defendant's misappropriation of the LULLA trademark, along with its associated reputation and goodwill, is likely to cause consumer confusion or to deceive purchasers as to the origin of Defendant's services utilizing the LULLA'S trademark.

57.     Defendant has also misappropriated Plaintiff's labor and expenditures to create and own the copycat restaurant LULLA'S, causing consumers and purchasers to believe that Defendant's services originate from or are in some way associated with Plaintiff.

58.     Defendant's wrongful acts have caused, and likely will continue to cause, confusion with Plaintiff's LULLA trademark, and thereby constitute unfair competition in violation of the common law.

59.     As the direct and proximate result of the foregoing wrongful and willful acts by Defendant, Plaintiff has suffered, and will continue to suffer, monetary damages and irreparable injury to its reputation and goodwill for which there is no adequate remedy at law.

60.     Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained by the Court from using the infringing LULLA'S trademark in commerce in connection with restaurant services.

61.     Accordingly, Plaintiff demands an injunction against Defendant to enjoin and restrain it from any further use of the infringing LULLA'S trademark in commerce in connection with restaurant services.

62.     Plaintiff also demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing LULLA'S trademark.

## COUNT IV
### (Deceptive Practices, N.Y. Gen. Bus. Law § 349)

63. Plaintiff repeats and realleges the allegations in paragraphs 1 through 62 as if set forth at length herein.

64. Defendant has been and is engaged in deceptive acts and practices in the conduct of its business, trade or commerce, materially misleading consumers into falsely believing that its sale of services in connection with the infringing trademark LULLA'S originates from, is authorized by, or affiliated with Plaintiff in violation of N.Y. Gen. Bus. Law § 349.

65. Defendant has made, and will continue to make, substantial profits and gains, which it is not entitled to receive, whether in law or in equity.

66. Defendant's unlawful and willful acts have damaged and will continue to damage Plaintiff.

67. Despite Plaintiff's repeated demands to cease operating under the infringing trademark LULLA'S, Defendant intends to willfully continue its infringing acts.

68. Plaintiff has no adequate remedy at law unless Defendant is permanently enjoined and restrained from pursuing such acts in the future.

69. Plaintiff demands a permanent injunction against Defendant to enjoin and restrain it from any further unlawful and willful use of the infringing LULLA'S trademark in commerce in connection with restaurant services.

70. Plaintiff also demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing LULLA'S trademark.

## COUNT V
### (Unjust Enrichment)

71.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 70 as if set forth at length herein.

72.     The acts complained of above and herein constitute Defendant's unjust enrichment at Plaintiff's expense and to its detriment.

73.     In equity and good conscious, Defendant should not be entitled to retain and benefit from the value of the time, effort, and money Plaintiff has invested into developing the goodwill and brand recognition associated with the LULLA trademark.

74.     Defendant's actions have damaged and will continue to damage Plaintiff.

75.     Accordingly, Plaintiff demands recovery of its damages from Defendant, including reasonable attorney's fees, as well as the profits that Defendant has earned from its unlawful and willful use of the infringing LULLA'S trademark.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Under Count I, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with 15 U.S.C. § 1117, and directing that such profits and actual damages be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

B. Under Count II, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with common law.

C. Under Count III, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with common law.

D. Under Count IV, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts in accordance with N.Y. Gen. Bus. Law § 349.

E. Under Count V, awarding Plaintiff damages in an amount to be proven at trial, but not less than $75,000, and ordering Defendant to account to and pay to Plaintiff all profits realized by Defendant's wrongful acts.

F. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. §§ 1116(a) and 1125(a), N.Y. Gen. Bus. Law § 349, and the common law permanently restraining and enjoining Defendant, its officers, principals, agents, employees, and affiliates and all those persons or entities acting in concert or participation with it from:

1. Using, exploiting, or displaying the trademark LULLA'S in any way and for any purpose, including for purposes of advertising or promoting any of Defendant's restaurant services now or in the future, without Plaintiff's written consent or permission.

2. Using or displaying the trademark LULLA'S on any website, social media, print, physical signage, digital or any other method used to distribute information without Plaintiff's written consent or permission.

G. Ordering Defendant to file with this Court and to serve on Plaintiff within thirty (30) days after entry of the injunction a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

H. Directing such other and further relief as the Court may deem appropriate to prevent consumers, the public, and the hospitality industry from deriving any erroneous impression that Plaintiff has endorsed, sponsored, or approved of any of Defendant's services in connection with the trademark LULLA'S, or have been affiliated, connected, or associated with any of Defendant's services in connection with the trademark LULLA including the creation, design, advertising, or sale of any such restaurant services.

I. Awarding Plaintiff any punitive damages under applicable federal or state law, statute or rule.

J. Awarding Plaintiff its costs, attorney's fees, and expenses to the full extent provided for under federal or state law.

K. Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendant.

L. Awarding Plaintiff such additional and further relief as the Court deems just and proper.

Dated: April 11, 2025
New York, New York

      Helbraun & Levey LLP

By:   */s/ Hamutal G. Lieberman*
       Hamutal G. Lieberman, Esq. (HG9799)
       40 Fulton St., 28 Fl.
       New York, New York 10038
       Tel: (212) 219-1193
       Hamutal.Lieberman@helbraunlevey.com

*Attorneys for Plaintiff*
*Renwick Hospitality Group LLC*

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury.

Dated: New York, New York
April 11, 2025

                                         Helbraun & Levey LLP
                                         *Attorneys for Plaintiff*

                                 By:   */s/ Hamutal G. Lieberman*
                                                Hamutal G. Lieberman, Esq. (HG9798)
                                                40 Fulton St., 28 Fl.
                                                New York, New York 10038
                                                Tel: (212) 219-1193
                                                Hamutal.Lieberman@helbraunlevey.com

                                         *Attorneys for Plaintiff*
                                         *Renwick Hospitality Group LLC*