UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RENWICK HOSPITALITY GROUP LLC,

                Plaintiff,

      v.

LULLA'S NYC LLC,

                Defendant.

25-CV-3049 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

      Plaintiff Renwick Hospitality Group LLC filed this action on April 13, 2025. Defendant Lulla's NYC LLC was served on May 5, 2025 but never answered or appeared. Plaintiff then obtained a Certificate of Default on June 3, 2025 and subsequently moved for default judgment on June 16, 2025. On August 22, 2025, the Court held a show cause hearing as to why a default judgment should not be entered in favor of Plaintiff. No one appeared on behalf of Defendant. The Court will provide Defendant one more opportunity to appear, in a re-scheduled video conference occurring via Microsoft Teams on September 19, 2025 at 10:30 a.m. Members of the public may call into the conference at the following audio-only line: 646-453-4442; Passcode: 296459885#. A video link will be sent to the parties prior to the conference.

      IT IS HEREBY ORDERED that no later than September 5, 2025, Plaintiff shall serve this Order to Show Cause and all papers in support of its motion on Defendant pursuant to Fed. R. Civ. P. 4, as well as by any known email address or to any known physical address.

      IT IS FURTHER ORDERED that, no later than September 5, 2025, Plaintiff shall provide additional briefing, discussed below, in support of its Motion for Default Judgment, as previewed during the August 22, 2025 conference.

In order to properly assess whether Plaintiff is entitled to judgment against Defendant, the Court must be satisfied that Defendant's liability is established as a matter of law when the factual allegations of the Complaint are taken as true. *See Bricklayers v. Moulton Masonry & Construction, LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Plaintiff has brought five claims against Defendant: (1) unfair competition under the Lanham Act, Section 43(a); 15 U.S.C. § 1125(a), (2) common law trademark infringement, (3) common law unfair competition, (4) deceptive practices under N.Y. Gen. Bus. Law § 349, and (5) unjust enrichment. Section 43(a) of the Lanham Act protects marks against the use of "any word, term, name, symbol, or device 'likely to cause confusion, or to cause mistake.'" *See LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*, 209 F. Supp. 3d 612, 649–50 (S.D.N.Y. 2016). While Plaintiff does not make a claim for federal trademark infringement, courts analyze claims of trademark infringement, false designation of origin, or unfair competition under the same factors. *Id.* at 649. First, Plaintiff must show that it has a valid mark that is entitled to protection, and second, that Defendant's actions are likely to cause confusion. *See Nespresso USA, Inc. v. Afr. Am. Coffee Trading Co. LLC*, No. 15 Civ. 5553, 2016 WL 3162118, at *2–3 (S.D.N.Y. June 2, 2016); *LVL XIII Brands, Inc.*, 209 F. Supp. at 665–66.

To evaluate the second element, the Second Circuit looks to a multi-factor test, which evaluates: "(1) the strength of the mark, (2) the degree of similarity between the two marks, (3) the competitive proximity of the products, (4) actual confusion, (5) the likelihood the plaintiff will bridge the gap, (6) the defendant's good faith in adopting its mark, (7) the quality of the defendant's products, and (8) the sophistication of the purchasers." *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961) (quoting *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254 (2d Cir. 1987)).

To aid the Court's understanding of why Plaintiff believes it is entitled to judgment pursuant to Section 43(a) of the Lanham Act for unfair competition, Plaintiff shall submit additional briefing on the likelihood of confusion caused by Defendant's use of the name "Lulla's NYC" and any other pertinent similarities between the marks, advertisements, social media footprint, websites, and physical appearances of the two businesses. To this end, the briefing shall include, but is not limited to, a discussion of the following: (1) how the use of different fonts affects the likelihood of confusion, *see, e.g., Jackpocket, Inc. v. Lottomatrix NY LLC*, 645 F. Supp. 3d 185, 256 (S.D.N.Y. 2022); *LVL XIII Brands, Inc.*, 209 F. Supp. 3d at 682; (2) whether and when restaurants in different boroughs are considered to be within a competitive proximity of each other, *see e.g., Brennan's, Inc. v. Brennan's Rest., LLC*, 360 F.3d 125 (2d Cir. 2004); (3) how a business's social media presence should be considered as part of an unfair competition claim; (4) whether a restaurant's different culinary offerings affect the likelihood of confusion; and (5) how a restaurant's physical appearance affects the likelihood of confusion, *see e.g., Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 765 & n.1 (1992); *KatiRoll Co., Inc. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 365–66 (S.D.N.Y. 2014).

If Defendant seeks to respond, it must do so no later than September 12, 2025.

SO ORDERED.

Dated:   August 22, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge