UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RENWICK HOSPITALITY GROUP LLC,<br>Plaintiff,<br>v.<br>LULLA'S NYC LLC,<br>Defendant. | 25-CV-3049 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiff Renwick Hospitality Group LLC brought this action against Defendant LULLA'S NYC LLC for trademark infringement. For the reasons set forth below, the Court dismisses the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, albeit without prejudice.

**BACKGROUND**

Plaintiff is a hospitality company that operates restaurants and bars including the business at issue in the Complaint—LULLA, an Italian restaurant located at 113 West 24th Street in Manhattan, New York. Defendant is a limited liability company that owns and operates a Venezuelan restaurant and bakery called LULLA'S, located at 169 Graham Avenue in Brooklyn, New York. On April 11, 2025, Plaintiff filed this action asserting that Defendant infringed Plaintiff's trademark "LULLA" and committed various New York State common law and statutory violations. *See* Dkt. No. 1 ("Compl.").

On June 16, 2025, after Defendant failed to answer or appear, Plaintiff moved for a default judgment. Dkt. No. 24. On March 31, 2026, Court denied Plaintiff's motion after finding that the Complaint did not plausibly allege facts sufficient to state any of the claims brought in the Complaint. Dkt. No. 36. The Court, however, provided that Plaintiff could move for leave to file

an amended complaint. *Id.* at 15. On April 30, 2026, Plaintiff so moved, Dkt. No. 39, and the next day, May 1, 2026, the Court granted Plaintiff's motion for leave to file an amended complaint, Dkt. No. 40.

Local Rule 15.1 requires a party filing an amended pleading to do so within seven days of the Court's order granting leave to amend. *See* Rule 15.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Accordingly, Plaintiff's deadline to file an amended complaint was May 8, 2026. Plaintiff did not file an amended complaint or seek an extension before that deadline. On August 3, 2026, with no amended complaint having been filed, the Court ordered Plaintiff to "show cause no later than August 7, 2026 why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. No. 41. To date, Plaintiff has not responded to the Court's order granting leave to amend or its order to show cause.

**LEGAL STANDARD**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.* Because a Rule 41(b)

dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

**DISCUSSION**

Most of the factors cited above weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant. Plaintiff has not communicated with the Court since April 30, 2026—over 5 months ago—when it moved for leave to file an amended complaint. *See, e.g.*, *Singelton v. City of New York*, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-CV-5354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (R. & R.) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiff was on notice that its failure to comply would result in dismissal. The Court's August 3, 2026 Order explicitly ordered Plaintiff to show cause "why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. No. 41; *see Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has

been given the opportunity to be heard: The Court gave Plaintiff both the opportunities to file an amended complaint and to show cause why this action should not be dismissed. Fourth, this case has been pending for nearly a year and a half, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

On balance, however, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. Despite the length of time this case has been pending, the sole Defendant has yet to appear or answer, so the third factor mentioned above—prejudice to defendants—does not substantially weigh in favor of dismissal with prejudice. Moreover, although the Court has invested time and resources into administering this case—such as in deciding Plaintiff's motion for a default judgment—the action overall has not substantially burdened the Court's docket. The Court has not presided over any discovery or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that, where any prejudice to the defendant was minor, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see also* 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

**CONCLUSION**

For the foregoing reasons, this action is dismissed without prejudice pursuant to Federal

Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

SO ORDERED.

Dated: October 9, 2026
New York, New York

Ronnie Abrams
United States District Judge